**ANDERSON, CLAYTON & CO. v. TERRY.**
(No. 5362.)

(Court of Civil Appeals of Texas. Austin.
May 13, 1914.)

1. PLEADING (§ 104*) — CHANGE OF VENUE —
PLEA OF PRIVILEGE—REQUISITES.
　Rev. St. 1911, art. 1903, provides that a plea of privilege shall state that none of the exceptions to exclusive venue in the county of one's residence, mentioned in Rev. St. arts. 1830 or 2308, exist in the case. *Held*, that a plea of privilege, stating that none of the exceptions to exclusive venue in the county of one's residence, mentioned "in articles 1194, 1585, of the Revised Statutes," exist in the case, which articles did not relate to venue, was insufficient.
　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 213–217; Dec. Dig. § 104.*]

2. PLEADING (§ 8*)—CHANGE OF VENUE—PLEA OF PRIVILEGE.
　An allegation in a plea of privilege that the suit did not come within any of the exceptions provided by law in such cases, authorizing suit to be brought or maintained in the county of Milam or elsewhere outside the county of Harris, was a mere conclusion of law, and ineffective.
　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

Appeal from Milam County Court; John Watson, Judge.

Action by C. H. Terry against Anderson, Clayton & Co. Judgment for plaintiff, and defendants appeal. Affirmed.

R. E. Goree, of Houston, and Henderson, Kidd & Gillis, of Cameron, for appellants.

KEY, C. J. C. H. Terry brought this suit against Anderson, Clayton & Co. and certain other defendants, and, from a judgment rendered in his favor against Anderson, Clayton & Co. the latter have appealed.

[1] Appellants filed a plea of privilege to be sued in another county, and the only question presented by this appeal is the action of the trial court in refusing to submit that plea to the jury. Article 1903 of the Revised Statutes requires, among other things, that such a plea of privilege shall state "that none of the exceptions to exclusive venue mentioned in county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exist in said cause." The articles re-

ferred to point out the exceptions to the statute which requires that a defendant shall be sued in the county of his residence. The plea of privilege filed in this case stated "that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1194 or article 1585 of the Revised Statutes of the state of Texas exist in this case." At the time this suit was brought and the plea referred to was filed, the Revised Statutes of 1911, from which we have quoted a portion of article 1903, were in force, and contained two articles numbered 1194 and 1585, but those articles do not relate to the subject of venue of suits. So it is quite clear that the plea omitted to state what the statute required, and for that reason we hold that it was insufficient, and that no error was committed in disregarding it.

[2] It is true that the plea stated:

"That this suit does not come within any of the exceptions provided by law in such cases authorizing suit to be brought or maintained in the county of Milam, state of Texas, or elsewhere outside of the county of Harris, State of Texas."

That statement contained a conclusion of law in the mind of the person who prepared the plea. The statute does not require or authorize the making of such general statement; nor do we feel justified in holding that such statement will supply the omission to state that which the statute requires.

No error has been shown, and the judgment is affirmed.

Affirmed.